IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00352-MR

| | |
|---|---|
| ANTONIO YULANDER PEARSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>B. CARVER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Marion Correctional Institution, where he is still incarcerated. The Plaintiff names as Defendants in their individual and official capacities: B. Carver, the warden; and J. James, A. Conner, and S. Tapp, unit managers. He claims that he has not been allowed to "participate in [his] religious service" beginning on April 20, 2023, when he entered the Rehabilitation Diversion Unit (RDU) program at Marion CI, and that this deprivation will continue until he

completes the RDU program. [Id. at 4]. He does not allege any injuries. He seeks damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

As a preliminary matter, the Plaintiff purports to sue the Defendants, who are state officials, in their individual and official capacities for damages. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against the Defendants for damages in their official capacities do not survive initial review and will be dismissed with prejudice.

Further, the Plaintiff does not state a plausible claim against the Defendants in their individual capacities. To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show (1) that he held a sincere religious belief and (2) that his religious practice has been substantially burdened by a prison policy or practice. See generally Hernandez v. C.I.R., 490 U.S. 680, 699 (1989); Greenhill v. Clarke, 944 F.3d 243, 253 (4th Cir. 2019). A prison policy that substantially burdens an inmate's ability to practice his religion withstands a First Amendment challenge when it is "reasonably related to legitimate penological interests." O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner, 482 U.S. at 89). "A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit." Firewalker-Fields v. Lee, 58 F.4th 104, 114 (4th Cir. 2023) (citing Lovelace v. Lee, 472 F.3d 174, 187 (4th Cir. 2006)). If that threshold showing is made, the prisoner must then show that the practice or regulation is not "reasonably related to legitimate penological interests." Id. (quoting Turner, 482 U.S. at 89).

Here, the Plaintiff's vague and conclusory allegation that he is being denied "religious service" fails to plausibly allege that any Defendant violated

4

his First Amendment rights.  See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).  Accordingly, the Plaintiff's First Amendment claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

## IV.   CONCLUSION

In sum, the Plaintiff has failed to state a claim and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).  The claims for damages against the Defendants in their official capacities are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted, in accordance with the terms of this Order.  Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint.  Piecemeal amendment will not be permitted.  Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

2. The claims against the Defendants for damages in their official capacities are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 18, 2024

*[Signature]*

Martin Reidinger
Chief United States District Judge