IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00352-MR

| | |
|---|---|
| ANTONIO YULANDER PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| B. CARVER, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 8]. The Plaintiff is proceeding in forma pauperis. [See Doc. 6].

**I.    BACKGROUND**

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Marion Correctional Institution, where he is still incarcerated. The Complaint was dismissed on initial review, and the Plaintiff was granted the opportunity to amend. [Doc. 7]. The Amended Complaint is now before the Court for initial review. [Doc. 8].

The Plaintiff names as Defendants in their individual capacities: B. Carver, the warden; and J. James, A. Conner, and S. Tapp, unit managers.

He asserts a claim for "[t]he right to practice & participate with religion of choice." [Doc. 8 at 4]. He claims:

> I came to this program on April 20, 2023 & I'm regular population (control status) & I was refused to participate in my catholic mass & partake of my eucreast! That's a very sacret part of mass that every catholic participates in! I should have had the opportunity to partake in many celebrations that we catholics practice! Ash Wednesday is another, as well as the holy week (week of Easter). Regular Population has the right to participate & I wasn't allowed the privilege!

[Id. at 7] (errors uncorrected). For injury, he claims that his "mental health started to slip & [his] medication for [his] mental illness was increased." [Id. at 6]. He seeks compensatory and punitive damages. [Id.].

## II.    STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

2

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In the Amended Complaint, the Plaintiff again claims that he is being denied religious services at the Marion CI.[1] [See Doc. 7 at 3-4 (setting forth the applicable legal standards)]. However, the allegations are too vague and conclusory to state a plausible § 1983 claim. [See id.]. The Plaintiff has not, for instance, alleged any facts explaining how any of the Defendants violated his rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (stating to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the

---

[1] The Court construes the Amended Complaint as raising a First Amendment claim. It would be unavailing to construe this action as seeking relief under the Religious Land Use and Institutionalized Persons Act (RLUIPA) because the Plaintiff only seeks damages. See Firewalker-Fields v. Lee, 58 F.4th 104, 113 (4th Cir. 2023) (noting that RLUIPA "only provides equitable relief to prisoners").

3

Case 1:23-cv-00352-MR   Document 10   Filed 05/10/24   Page 3 of 4

defendants "acted personally" to cause the alleged violation).  The Amended Complaint is, therefore, dismissed for the same reasons that were discussed on initial review of the Complaint. [See Doc. 7 at 4-5].

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and he has again failed to state a claim for relief.  See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

**IV. CONCLUSION**

In sum, the Plaintiff has failed to state a claim and the Amended Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Amended Complaint [Doc. 10] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: May 10, 2024

Martin Reidinger
Chief United States District Judge